UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT CROSBY,

       Plaintiff,

 v.

NEW YORK STATE OFFICE FOR PEOPLE WITH
DEVELOPMENTAL DISABILITIES,
STATE OF NEW YORK,
REBECCA LABORDE,
LORIANNE RILEY,
CARLI M. WILSON,

       Defendants.

_____

**REPORT
and
RECOMMENDATION**
------------------------------
**DECISION
and
ORDER**

14-CV-656A(F)

APPEARANCES:  DeMARIE & SCHOENBORN, P.C
       Attorneys for Plaintiff
       JOSEPH DeMARIE, of Counsel
       403 Main Street, Suite 615
       Buffalo, New York 14203

       ERIC T. SCHNEIDERMAN
       New York State Attorney General
       Attorney for Defendants
       KATHLEEN M. KACZOR,
       Assistant New York State Attorney General, of Counsel
       350 Main Street, Suite 300A
       Buffalo, New York 14202

**JURISDICTION**

  This case was referred to the undersigned for all pretrial matters by order of Hon. Richard J. Arcara filed October 29, 2014 (Doc. No. 11). It is presently before the court on Defendants' motion to dismiss and requesting a stay of proceedings pending determination of Defendants' motions filed October 6, 2014 (Doc. No. 5) and October

1

16, 2014 (Doc. No. 9), and Plaintiff's motion for leave to file an amended complaint and to stay proceedings filed November 6, 2014 (Doc. No. 12) ("Plaintiff's Motions").[1]

## BACKGROUND

Plaintiff commenced this § 1983 action by a complaint filed August 13, 2014 alleging Fourth Amendment violations – false arrest and malicious prosecution -- by Defendants.  In order to correct a typographical error, Affirmation of Joseph DeMarie In Support of Plaintiff's Motions and for denial of Defendants' Motions to Dismiss (Doc. No. 12-1) ("DeMarie Affirmation") attaching exhibits A – E (Doc. No. 12-2-6) ("Plaintiff's Exh(s). __") ¶ ¶ 2, 3, Plaintiff's Amended Complaint was filed August 14, 2014 (Doc. No. 2) ("the Amended Complaint").  Defendants moved to dismiss the Amended Complaint on October 5, 2014 (Doc. No. 5) based on sovereign immunity, lack of personal jurisdiction based on improper service as to Defendants New York State Office For People With Developmental Disabilities ("NYSOPWDD" or "Defendant NYSOPWDD") and the State of New York ("New York State" or "Defendant New York State") ("State Defendants"), and Plaintiff's failure to state a claim against State Defendants and Defendants Laborde ("Laborde"), Riley ("Riley") and Wilson ("Wilson") ("Individual Defendants") together with Defendants' Memorandum of Law In Support of the Motion to Dismiss (Doc. No. 5-1) ("Defendants' First Memorandum of Law") ("Defendants' First Motion to Dismiss").  Following Plaintiff's further service upon the NYSOPWDD and New York State, State Defendants filed a motion to dismiss on October 16, 2014 pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Doc. No. 9) ("Defendants' Second

---

[1]  As Defendants' Motions to Dismiss are dispositive and Plaintiff's motion to amend and Plaintiff's and Defendants' motions to stay are non-dispositive, such motions are addressed together in this combined Report and Recommendation and Decision and Order.

2

Motion to Dismiss") ("Defendants' Motions") asserting sovereign and 11th Amendment immunity and a failure to state a claim, including any of Plaintiff's claims based on state law, together with Defendants' Memorandum of Law In Support of the Motion to Dismiss (Doc. No. 9-1) ("Defendants' Second Memorandum of Law").

On November 11, 2014, Plaintiff filed a cross-motion for leave to file a Second Amended Complaint, Doc. No. 12, ("Plaintiff's Motion to Amend"), and to stay proceedings pending resolution of Plaintiff's motion ("Plaintiff's Motion to Stay") ("Plaintiff's Motions") together with the DeMarie Affirmation. Plaintiff's proposed Second Amended Complaint is included as Plaintiff's Exh. E ("Proposed Second Amended Complaint"). Plaintiff did not file a memorandum of law in opposition to Defendants' Motions or in support of Plaintiff's Motion to Amend. On December 4, 2014, Defendants filed Defendants' Response Memorandum of Law In Opposition To Plaintiff's Motion To Amend And In Further Support Of Defendants' Motion To Dismiss (Doc. No. 14) ("Defendants' Response Memorandum").[2] Oral argument on Defendants' motions and Plaintiff's motions was deemed unnecessary. Based on the following, Defendants' Motions to Dismiss (Doc. Nos. 5 and 9) should be GRANTED; Defendants' motion for a stay is DISMISSED as moot; Plaintiff's motions for leave to file a Second Amended

---

[2] In Defendants' Response Memorandum, Defendants state that Plaintiff's request for leave to cure defects in service upon State Defendants, DeMarie Affirmation ¶ ¶ 11-14, is moot, Defendants' Response Memorandum at 1 ("Plaintiff's motion for leave to cure service is moot."), as confirmed by Defendants' failure to assert improper service in Defendants' Second Memorandum of Law. Although the State Defendants state that because of Defendants' Motion to Dismiss Defendants have "now appeared" in this action rendering Plaintiff's motion for leave to cure a defect in service moot, filing a motion to dismiss for failure to state a claim or a lack of service does not waive defendant's defense of insufficiency of service. *See Zherka v. Ryan*, 52 F.Supp.3d 571, 577 (S.D.N.Y. 2014) (no waiver of insufficient service defense where defendant generally appears but timely moves to dismiss on that ground). As such, the court does not address this issue as a ground for Defendants' Motions.

Complaint (Doc. No. 12) is DENIED with prejudice; Plaintiff's motion for a stay (Doc. No. 12) is DISMISSED as moot.

## FACTS[3]

In the Amended Complaint Plaintiff alleges Plaintiff, on April 1, 2013, was arrested in Cattaraugus County by "Deputy T.S. Pence" based on a criminal complaint charging Plaintiff with a violation of N.Y. Penal Law § 260.32[1], a class E felony ("§260.32[1]") ("the charges"). Amended Complaint ¶ ¶ Ninth, Tenth. Section 260.32[1] penalizes intentional and negligent causing of physical injury to or unconsented sexual contact with a vulnerable elderly person, or an incompetent or physically disabled person by a caregiver for such persons. According to Plaintiff, Plaintiff remained in custody until February 22, 2014 when on motion of the Cattaraugus County District Attorney the complaint was dismissed in the interest of justice by the Mansfield Town Court. Amended Complaint ¶ ¶ Eleventh, Thirteenth. According to Plaintiff, the charges placed against Plaintiff by the Individual Defendants acting under color of state law were "false, malicious and without foundation in fact or law," and the Individual Defendants knew of such falsity when the charges were filed. *Id.* ¶ ¶ Nineteenth, Twenty-First, Twenty-Third. As a result, Plaintiff alleges, Plaintiff's arrest and subsequent prosecution was without probable cause resulting in Plaintiff suffering mental stress and trauma and unnecessary out of pocket costs including the costs of defense. *Id.* ¶ ¶ Sixteenth, Seventeenth. Plaintiff further asserts that Defendant NYSOPWDD "condoned, cajoled, urged and required Individual Defendants" to violate Plaintiff's rights secured by the Fourth and Fourteenth Amendments. *Id.* ¶ ¶ Fifteenth, Sixteenth. Plaintiff asserts

---
[3] Taken from the pleadings and papers filed in this matter.

Plaintiff's § 1983 claims based on his alleged unlawful arrest and malicious prosecution in a single First Cause of Action.  *Id.* ¶ ¶ Twentieth, Twenty-Fourth.  Plaintiff requests only monetary damages from Defendants.  *Id.* at 4.

## DISCUSSION

A.  <u>State Defendants' Motion</u>.

Federal courts lack subject matter jurisdiction over § 1983 claims seeking money damages against a state and its agencies.  *Leitner v. Westchester Community College*, 779 F.3d 130, 134 (2d Cir. 2015) (state's Eleventh Amendment immunity from suit pursuant to § 1983 "encompasses not just actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state.") (citing *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997))); *Taylor v. New York State Office For People with Disabilities*, 2014 WL 1202587, at *5 (citing *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009)).  Plaintiff does not argue otherwise.  *See* DeMarie Declaration (*passim*).  Rather, Plaintiff's opposition to Defendants' motion is limited to a statement that "Plaintiff believes its [*sic*] complaint is sufficient on its face," *id.* ¶ 21, and that "specifics and particularization of the [Defendants'] acts which give rise to bringing suit in Federal Court fall under Rule 26 disclosure just as they would be provided in a bill of particulars in a state court action." *Id.* ¶ 22.  Here, Plaintiff alleges NYSOPWDD is an agency of New York State.  *See* Amended Complaint ¶ Fourteenth (Individual Defendants are employees of New York State's Office for People With Developmental Disabilities and are "all part of the State of New York").  Plaintiff also alleges Defendant New York State

as a "legal entity."  Amended Complaint ¶ Fourth.  As such, this court lacks subject matter jurisdiction over the Amended Complaint's claims against Defendant NYSOPWDD, as a New York state agency, and Defendant New York State, or, alternatively, Plaintiff has failed to state a claim against State Defendants.  *See Taylor*, 2014 WL 1202587, at *4 (discussing alternative bases to dismiss § 1983 action against Defendant NYSOPWDD under either Fed.R.Civ.P. 12(b)(1) or 12(b)(6)).  Therefore, under either analysis, the Amended Complaint against NYSOPWDD and New York State should be DISMISSED.

B.     Individual Defendants' Motion.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Iqbal")).  "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Harris*, 572 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).  "'Second, only a complaint that states a plausible claim for relief

survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570. "[M]ore than a sheer possibility that a defendant acted unlawfully" is required. *Id.* at 678. "'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached, and any document upon which the complaint heavily relies.'" *ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. June 25, 2014) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)).

1. <u>False Arrest</u>.

As a basis for a § 1983 claim based on false arrest, the elements of false arrest are the substantially the same under federal and New York law. *Rodriguez*, 649 F.Supp.2d at 301 citing *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003);

*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "'To state a claim for false arrest, a plaintiff must allege that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Rodriguez*, 649 F.Supp.2d at 305, quoting *Savino*, 331 F.3d at 75 (internal citations omitted). As to the first element, plaintiff must allege defendant was personally involved in the arrest. *Id.*

"'It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Spavone v. New York State Dept. of Correctional Services*, 719 F.3d 127, 135 (2d Cir. 2013) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Where a false arrest is alleged as the ground as a § 1983 claim based on a Fourth Amendment violation, plaintiff must allege plausible facts showing defendant was directly involved or an inference of direct involvement in plaintiff's arrest. *See Rodriguez v. City of New York,* 649 F.Supp.2d 301, 305-06 (S.D.N.Y. 2009) (dismissing complaint for failure to state a claim where DA defendants not shown to have directed or participated in plaintiff's arrest). Even an allegation that defendant assisted the police in their investigation leading to plaintiff's arrest is insufficient. *Rodriguez*, 649 F.Supp.2d at 306.

Here, the Amended Complaint fails to allege facts upon which Individual Defendants' personal involvement in Plaintiff's arrest plausibly may be inferred. Plaintiff states no allegation that any Individual Defendant participated directly in Plaintiff's arrest. Such failure requires dismissal. *See Mayzick v. County of Nassau*, 32 F.Supp.2d 399, 403 (E.D.N.Y. 2014) (conclusory assertions insufficient to support false

arrest claims), *Rodriguez*, 649 F.Supp.2d at 305 (no allegation that defendants were personally involved in plaintiff's arrest or facts upon which such personal involvement may be inferred). Specifically, Plaintiff alleges that the criminal information, presumably pursuant to N.Y. Crim. Proc. Law § 200.15, the basis upon which Plaintiff was arrested, was filed by a Cattaraugus County Deputy Sheriff, T.S. Pence ("'Pence", "Deputy Pence" or "the Deputy Sheriff"), who is not a defendant, not by Individual Defendants. As such, the only plausible inference that can be drawn from Plaintiff's allegations is that the Deputy Sheriff decided to charge and arrest Plaintiff because, regardless of whether Individual Defendants knew the information upon which he may have relied was false, the Deputy Sheriff believed the information Individual Defendants provided in the alleged statements established probable cause for Plaintiff's arrest for violation of § 260.32[1]. Moreover, Plaintiff does not allege that Deputy Pence relied solely on such statements and did not conduct his own investigation, or that Individual Defendants importuned Pence to arrest Plaintiff. *Rodriguez*, 649 F.Supp.2d at 306 (assistance to police investigation leading to plaintiff's arrest insufficient to establish personal involvement in alleged false arrest). The mere reporting to a law enforcement officer by third-persons, here the Individual Defendants, of facts or a belief that another person, such as Plaintiff, has committed a crime without more does not render such reporting persons liable for false arrest. *See King v. Crossland Savings Bank,* 111 F.3d 251, 257 (2d Cir. 1997) (to hold false arrest defendant liable under New York law as one who affirmatively instigated or procured arrest, plaintiff must show the defendant did more than merely provide information to the police because "[t]he mere identification of a potential culprit does not give rise to liability [for false arrest].");[4] *Rodriguez,* 649

---

[4] Unless otherwise indicated all bracketed material added.

F.Supp.2d at 305-06 (District Attorney defendants lacked sufficient personal involvement in plaintiff's alleged false arrest where District Attorney defendants did not direct or participate in plaintiff's arrest and only assisted in the investigation which resulted in plaintiff's arrest). Thus, the Amended Complaint fails to allege facts plausibly demonstrating Individual Defendants were personally involved in effectuating Plaintiff's alleged false arrest. As such, Plaintiff has failed to sufficiently allege facts establishing the first element of Plaintiff's false arrest claim, and the Amended Complaint should be DIMISSED as to the Individual Defendants on Plaintiff's false arrest claim.

    2.    <u>Malicious Prosecution</u>.

Although not separately alleged, Plaintiff appears to assert a claim for malicious prosecution as a violation of his Fourth Amendment protections. *See* Amended Complaint ¶ Nineteenth ("the charges placed against the Plaintiff by the individual defendants were false and malicious and without any foundation in fact or law."); ¶ Twenty-Fourth ("Defendants knew that the prosecution of plaintiff was without any basis in law and was malicious."). The elements for a malicious prosecution claim asserted pursuant to § 1983 are "'(1) that the defendant initiated a prosecution against plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in plaintiff's favor.'" *Rohman v. New York City Transit Authority*, 215 F.3d 208, 215-16 (2d Cir. 2000) (quoting *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 417 (2d Cir. 1999)). In addition, a § 1983 plaintiff must allege a "sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman*, 215 F.3d at 215 (citing cases). Where, as here, a plaintiff seeks to impose § 1983 liability, in order to

10

meet the first element – that Individual Defendants initiated the prosecution -- for a malicious prosecution claim, "'it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act.'" *Rohman*, 215 F.3d at 217 (quoting *DeFilippo v. County of Nassau,* 583 N.Y.S. 2d 283, 284 (2d Dep't 1992)). "'Mere reporting of a crime to police and giving testimony is insufficient.'" *Id.* While Plaintiff alleges Individual Defendants were aware that Defendants' statements given to Pence regarding Plaintiff were false, Amended Complaint ¶ Twenty-Third, and that the "prosecution of plaintiff was . . . malicious," *Id.* ¶ Nineteenth, Plaintiff fails to provide facts upon which it may be plausibly inferred that Individual Defendants initiated such prosecution by "'playing an active role in the prosecution, such as by giving advice and encouragement or importuning authorities to act." *Rohman*, 215 F.3d at 217. Nor does Plaintiff state the facts upon which such falsity allegation is based thus failing the plausibility requirement. *See Mayzick*, 32 F.Supp.3d at 403 ("actual evidence of falsity" required). Indeed, the Amended Complaint alleges only that Defendant NYSOPWDD "condoned, cajoled, urged and required Individual Defendants to act in violation of the Plaintiff's constitutional rights," Amended Complaint ¶ Sixteenth, but not, as required, that Individual Defendants urged or importuned Deputy Sheriff Pence to file the alleged unfounded charges against Plaintiff. In short, if facts exist showing that the Individual Defendants knew the statements or information given to Pence upon which Pence placed or charges against Plaintiff were false and played an active role in the prosecution of Plaintiff by giving advice or encouragement or importuning Pence to file

the charges, thus demonstrating Individual Defendants initiated the prosecution, Plaintiff has not alleged them.

That the charges were dismissed by the District Attorney in the interests of justice, Amended Complaint ¶ 13, does not necessarily constitute a termination under New York law in Plaintiff's favor, a required element of Plaintiff's malicious prosecution claim. *See Lynch v. Suffolk County Police Dep't*, 348 Fed.Appx. 672, 2009 WL 3287565, at **1-2 (2d Cir. Oct. 14, 2009) (dismissal pursuant to N.Y. Crim. Proc. Law § 170-40 "in the interest of justice . . . cannot provide favorable termination required as basis for a claim of malicious prosecution.") (quoting *Hygh v. Jacobs*, 961 F.2d 359, 368 (2d Cir. 1992) (citing *Ryan v. N.Y. Tel. Co.*, 467 N.E.2d 487, 492 (N.Y. 1984))). Although where the court dismissed in the interest of justice based on its finding that the plaintiff was innocent and the charges groundless, such dismissal provides a basis for a malicious prosecution claim, *see Cantalino v. Danner*, 754 N.E.2d 164, 167-68 (N.Y. 2001), the Amended Complaint makes no such allegation and Plaintiff's malicious prosecution claim should be dismissed on this ground as well. As such, the Amended Complaint has failed to state a malicious prosecution claim under § 1983 and therefore should be DISMISSED as to this claim.

Defendants have not requested that such dismissal be with prejudice. Nevertheless, where further amendment of the complaint would be futile, dismissal of the complaint with prejudice is not an abuse of discretion. *See Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (affirming district court's dismissal of complaint with prejudice for failure to state a claim where amendment of the complaint would have been futile). A claim is futile if it "could not withstand a motion to dismiss

under Rule 12(b)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Here, Plaintiff's claims against the state Defendants are most assuredly futile based on such Defendants' 11th Amendment immunity which Plaintiff does not dispute and thus dismissal of the Amended Complaint as to State Defendants should be with prejudice. Second, as amply demonstrated by a review of the Proposed Amended Complaint against the Individual Defendants, Discussion, *infra*, at 13-15, on Plaintiff's motion to amend, Plaintiff manifestly lacks facts sufficient to avoid the conclusion that Plaintiff's claims against the Individual Defendants cannot meet *Iqbal's* standards on the critical elements of personal involvement and initiation of the criminal prosecution lodged against Plaintiff by Pence as well as the absence of a favorable disposition, prerequisites to Plaintiff's false arrest and malicious prosecution claims. Thus, the court finds dismissal of the Amended Complaint should also be with prejudice as to all Defendants.

C.   Plaintiff's Motion to Amend.

Plaintiff moves for leave to file an amended complaint, attaching the Proposed Amended Complaint as Plaintiff's Motion Exh. E. Defendants oppose, contending that based on 11th Amendment immunity, the Proposed Amended Complaint's asserted claims against State Defendants are futile, Defendants' Response Memorandum at 4-5, and that the Proposed Amended Complaint also fails to state any viable § 1983 claim against the Individual Defendants, Defendants' Response Memorandum at 5-6, based on Plaintiff's failure to sufficiently allege Individual Defendants' personal involvement in Plaintiff's arrest, that Individual Defendants initiated the prosecution of Plaintiff, and that the prosecution of Plaintiff resulted in a favorable termination, *i.e.*, an acquittal or

unqualified dismissal.  *Id.*  More specifically, Defendants contend that in contrast to the Amended Complaint which alleged the charges against Plaintiff were dismissed "in the interest of justice," Amended Complaint ¶ Thirteenth, the Proposed Amended Complaint merely alleges the charges against Plaintiff were "dismissed by motion of the Cattaraugus County District Attorney."  Proposed Amended Complaint ¶ Seventeenth.  Defendants' Response Memorandum at 5.  As such, Defendants contend the Proposed Amended Complaint is futile.  For purposes of Fed.R.Civ. 15(a), a proposed amendment is futile if it "could not withstand a motion to dismiss under Rule 12(b)(6)."  *Dougherty,* 282 F.3d at 88.

Here, the Proposed Amended Complaint suffers from the same infirmities as does the Amended Complaint.  First, without recognizing State Defendants' well-recognized 11th Amendment immunity, the Proposed Amended Complaint again names the State of New York and the NYSOPWDD, which Plaintiff acknowledges is an arm of the state.  *See* Amended Complaint ¶ Fourth (State of New York is a legal entity), ¶ Fifth ("New York States maintains a Department of the Office for People with Developmental Disabilities").  Such entities are thus beyond the subject matter jurisdiction of this court.  *See* Discussion, *supra*, at 5-6 (citing caselaw).  As discussed, Discussion, *supra*, at 12, even a dismissal in the interest of justice as alleged by the Amended Complaint is insufficient unless the dismissing court determine that Plaintiff was innocent or the charges were groundless.  As such, as to Plaintiff's malicious prosecution claim, the Proposed Amended Complaint would require dismissal and is futile.  Second, a fair reading of the Proposed Amended Complaint indicates it, like the Amended Complaint, fails to plausibly allege the personal involvement of Individual Defendants in either

14

Plaintiff's arrest or prosecution. For example, although the Proposed Amended Complaint states that the criminal information against Plaintiff was filed by Deputy Pence based on an investigative report of Defendant Wilson which, in turn, was based on statements of Defendants Laborde and Riley, as with the Amended Complaint, these additional allegations, even if true, do not allege specific facts plausibly demonstrating the Individual Defendants participated in or directed Plaintiff's arrest or initiated the prosecution of Plaintiff. *See* Discussion, *supra*, at 7-13 (citing cases). As such they are conclusory and would require dismissal. *See Mayzick*, 32 F.3d at 403-04. Nor do the allegations add any facts in the allegations in the Amended Complaint showing that these Defendants actively participated in the Plaintiff's prosecution or importuned Deputy Pence to file the charges against Plaintiff sufficient to show Individual Defendants initiated the prosecution of Plaintiff. *See* Discussion, *supra*, at 10-12 (citing cases). Further, as with the Amended Complaint, while the Proposed Amended Complaint states that Defendants were aware the information provided to Pence was false, no facts are alleged from which the truth of this otherwise conclusory allegation can be plausible inferred sufficient to avoid dismissal. Discussion, *supra*, at 11 (citing caselaw). The Proposed Amended Complaint's allegation that the charges against Plaintiff were dismissed on motions of the county prosecutor is also deficient on its face to support a malicious prosecution claim as it fails to allege such termination was a disposition indicating "the accused [Plaintiff] is not guilty." *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1992). *See also* Discussion, *supra,* at 12 (citing cases). Thus, the Proposed Amended Complaint could not avoid a further motion to

15

dismiss for failure to state a claim against Defendants as to both Plaintiff's false arrest and malicious prosecution claims and, as such, Plaintiff's motion is DENIED.

## CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss the Amended Complaint, Doc. Nos. 5, 9, should be GRANTED as to both the State and Individual Defendants with prejudice. Plaintiff's motion for leave to file a Second Amended Complaint, Doc. No. 12, is DENIED; Plaintiff's motion for a stay is DISMISSED as moot; the Clerk of Court should be directed to close the file.

                                      Respectfully submitted as to Defendants'
                                      Motions to Dismiss,

                                          /s/ *Leslie G. Foschio*
                                      _____
                                            LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

SO ORDERED as to
Plaintiff's Motion to Amend.

                                          /s/ *Leslie G. Foschio*
                                      _____
                                          LESLIE G. FOSCHIO
                                    UNITED STATES MAGISTRATE JUDGE

Dated:  September 18, 2015
          Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 18, 2015
　　　　　Buffalo, New York